EDWARDS, Judge.
Defendant appeals from a trial court judgment in plaintiff’s favor. Finding no trial court error or merit to defendant’s assignments of error, we affirm.
Charlie S. Sims (defendant) borrowed money on three occasions from Simmesport State Bank (plaintiff). Each loan was secured either by a collateral mortgage on a small lot that defendant owned or by chattel mortgages on a Toyota pickup truck or on a boat and motor. In September 1986, *446 plaintiff filed suit to collect on two promissory notes and to enforce the mortgages which secured these notes. Defendant answered and reconvened against plaintiff, alleging plaintiff had wrongfully seized his boat and motor. Additionally, defendant argued that a third note, not sued upon, was the only note secured by the collateral mortgage, and that since this note was paid, plaintiff could not enforce the collateral mortgage. Plaintiff, on the other hand, alleged that defendant had also secured one of the notes being sued on, with the collateral mortgage.
After answering and reconvening, defendant dismissed counsel and proceeded to both defend the main suit and prosecute the reconventional demand himself. With a total lack of knowledge of trial procedure, defendant failed miserably.
At trial, plaintiff introduced the notes and mortgages which clearly dispelled any ambiguity in what these notes were secured by. The first loan made by plaintiff to defendant, a $1,500.00 note, was secured by a act of collateral mortgage on a lot owned by defendant. This note was not sued upon as it was allegedly paid. The second loan, was a $12,416.46 note which was secured by both a chattel mortgage on a 1984 Toyota pickup truck and further secured by the aforementioned collateral mortgage. The third loan, a note for $3,852.60, was secured by an act of chattel mortgage on a new boat and motor owned by defendant.
The only dispute that was actually argued at trial pertained to defendant’s allegations that his boat and motor were illegally seized by plaintiff. The trial testimony, although sketchy, showed that the boat and motor were allegedly stolen from defendant’s residence and left abandoned on a bridge with a flat tire. After discovering the boat on the bridge, the Chief of Police for Simmesport towed the boat and trailer to police headquarters. The next day or so the chief contacted an officer of the bank who agreed to accept possession of the boat and motor. Up until litigation, the boat and trailer remained at the bank, however, there was testimony that defendant was free to pick up the boat at any time. As stated this testimony was sketchy due to defendant’s inability to properly cross-examine or to maintain any continuity in his line of reasoning and logic. In review of the record, we find no trial court error in dismissing defendant’s recon-ventional demand.
Defendant has not properly followed the Uniform Rules—Courts of Appeal in either form or substance in this appeal. Further, defendant has not briefed any of his assignments of error and thus will be considered as abandoned. Uniform Rules—Courts of Appeal, Rule 2-14.4. However, in the interest of justice we list defendant’s assignment of errors:
1. Denied a jury.
2. Not advised of any legal rights
3. Not tried by proper judges or in
court assigned to
4. Improper judgment by false transcript, to further conspiracy
5. Impossible to get legal council (sic) from assistant attorney general on down.
Defendant is not entitled to a jury trial in an unconditional promise to pay a specific sum of money, unless a defense thereto is forgery, fraud, error, want or failure of consideration. LSA-C.C.P. art. 1732(2). Regardless, defendant failed to even request a jury trial.
The other assignments of error are incomprehensible and are without any legal merit whatsoever. In review of the entire record before this court, we find no trial court error or merit to any of defendant’s claims on appeal.
For the foregoing reasons the judgment appealed from is affirmed; all costs of this appeal are to be taxed to the appellant/defendant.
AFFIRMED.